

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
MARIA SANLUIS, ET. AL.

                Plaintiffs,

    -against-

EVONIS, INC. ET. AL.,

                Defendants.
------------------------------------------------------------ x

MEMORANDUM AND ORDER

18-cv-5478 (ENV) (JO)

VITALIANO, D.J.

Plaintiffs Maria Sanluis and Leiliana Boscan brought this suit claiming violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") and New York Labor Law §§ 190 et seq. and 650 et seq. ("NYLL"). Plaintiffs allege they were employed by defendants at their drycleaners, Maspeth Dry Cleaners, at various times between 2011 and 2018 and were not fully compensated in accordance with the wage and hour laws.

Presently before the Court are settlement agreements jointly proposed by the parties, Dkts. No. 25-1, 25-2, resolving all of Sanluis's and Boscan's claims arising out of their former employment with Evonis, Inc. for the stipulated sums of $16,456.50 and $13,543.50, respectively. For the reasons set forth below, upon the joint application of the parties, the settlement agreements are approved and the parties are ordered to file a stipulation of dismissal.

## Discussion

In most circumstances, under Rule 41(a)(1)(A)(ii), litigants do not need a court order to dismiss where dismissal is upon the consent of all parties. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). The Second Circuit has held, however, that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of

Labor] to take effect." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824, 193 L. Ed. 2d 718 (2016). *Cheeks* requires that district courts assess the fairness of the proposed settlement on the totality of the circumstances, including the nature and on the totality of the history of the negotiations that shaped it. *See, e.g., Fernandez v. Airport Ground Servs. & Leasing LLC*, No. 15-CV-7330(ENV)(LB), 2017 WL 8682120, at *2 (E.D.N.Y. May 31, 2017); *Wolinsky v. Scholastic Inc*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

The proposed settlement agreement passes muster under *Cheeks*. Throughout the litigation, defendants produced time records covering plaintiffs' employment period in support of their denial of alleged legal violations, while plaintiffs estimated that, if they were to recover in full for their claims, including liquidated damages, they would be entitled to approximately $15,065 (Sanluis) and $13,643 (Boscan) (without attorney's fees) with potential additional recovery of $5,000 each on their alleged wage notice and wage statement violations. *See* Dkt. 21. More significantly, the settlement agreement is the product of a court-referred mediation session which occurred on August 6, 2019, reinforced by a conference held with Magistrate Judge James Orenstein on September 25, 2019. It is of great comport that both the court-appointed mediator and Judge Orenstein recommend approval of the proposed settlement. All in all, substantively and by litigation history, there is persuasive support for the conclusion that this settlement agreement is demonstrably the product of arm's-length bargaining between experienced counsel on both sides. Indeed, nothing in the record, even remotely, suggests fraud or collusion or bad faith.

Beyond that, the proposed settlement agreement, obviously, cuts litigation expenses by avoiding the substantial expenditures that further litigation would demand. Lastly, and this is of

2

great significance, there is no over-reaching provision in the release terms of the settlement agreement. The releases are tethered to liability for charges or claims arising from the plaintiffs' claims and tied to these specific plaintiffs. Dkts. No. 25-1 and 25-2 §§ 2(f) and 4. On balance, the settlement agreement provides a fair and reasonable resolution of Sanluis's and Boscan's employment grievances arising out of their past employment with Evonis, Inc.

## Conclusion

For the foregoing reasons, the settlement agreements jointly proposed by the parties at Dkt. No. 25 is approved. The parties are directed to submit for ordering a stipulated dismissal of this action.

So Ordered.

Dated: Brooklyn, New York

November 15, 2019

s/ Eric N. Vitaliano
_____
ERIC N. VITALIANO
United States District Judge