UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARIA SANLUIS, and LEILIANA BOSCAN,

                Plaintiffs,                                REPORT AND
                                                           RECOMMENDATION
       -against-                                   18 CV 05478 (ENV)(RML)

EVONIS, INC., d/b/a MASPETH DRY
CLEANERS, and SU LIU,

                Defendants.
------------------------------------------------------------X
LEVY, United States Magistrate Judge:

        By order dated December 9, 2020, the Honorable Eric N. Vitaliano, United States District Judge, referred plaintiffs' motion for judgment based on settlement default to me for report and recommendation. For the reasons stated below, I respectfully recommend that plaintiffs' motion be granted.

## BACKGROUND AND FACTS

        Plaintiffs Maria Sanluis and Leiliana Boscan ("plaintiffs") commenced this action on September 28, 2018 under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., and the New York Labor Law. (See Complaint, dated Sept. 28, 2018, Dkt. No. 1.) On September 23, 2019, the parties informed the court that they had agreed to settle the case via mediation and moved for approval of the proposed settlement agreements. (See Motion for Settlement Approval, dated Sept. 23, 2019, Dkt. No. 21.)

        The Settlement Agreements provide that defendants shall pay $16,456.50 to Sanluis by six payments of $1,780.83 directly to her and six payments of $961.91 to Abdul Hassan Law Group, PPLC, and that defendants shall pay $13,543.50 to Boscan by six payments of $1,457.16 directly to her and six payments of $800.08 to Abdul Hassan Law Group, PPLC.

(See Fully Executed Settlement Agreements, Dkt. Nos. 25-1, 25-2.) In the event of default in payments, under the Settlement Agreements, Sanluis and Boscan have the right to a judgment against defendants in the amounts of $32,913 and $27,087, respectively, less any monies paid by defendants at the time of default. (See id.)

On November 22, 2019, the court approved the settlement agreement and directed the parties to file a stipulation of dismissal. (Memorandum and Order, dated Nov. 15, 2019, Dkt. No. 26.) The parties never filed a stipulation of dismissal as directed. (See Letter Regarding Stipulation of Dismissal, dated June 28, 2020, Dkt. No. 28.) As such, this case was never dismissed, and the court appears to still have jurisdiction over this matter.

At a status conference held on July 9, 2020 before Judge Orenstein, defendants reported that they were unable to continue to make the scheduled payments under the Settlement Agreements. (Minute Entry, dated July 9, 2020, Dkt. No. 29.) Judge Orenstein directed the parties to confer regarding an alternate payment schedule. (Id.) The parties were unable to reach an agreement, and, on August 7, 2020, plaintiffs filed a motion for judgment based on settlement default. (Motion for Judgment Based on Settlement Default, dated August 7, 2020, Dkt. No. 34.) The motion was referred to me for report and recommendation on December 9, 2020. (Order Referring Motion, dated Dec. 9, 2020.)

On December 14, 2020, I heard argument on the motion for judgment based on settlement default. (Minute Entry, dated Dec. 14, 2020.) At the hearing, the parties agreed to continue discussions regarding an alternate payment schedule. (Id.) For several months following the hearing, the parties engaged in discussions to resolve the default. On April 20, 2021, plaintiffs informed the court that the parties had been unable to reach resolution. (Status Report, dated Apr. 20, 2021.)

## DISCUSSION

As an initial matter, the parties agree that the Settlement Agreements are binding and enforceable. (See Declaration of Abdul Karim Hassan, Esq., in Support of Request for Entry of Judgment, dated Aug. 7, 2020 ("Hassan Decl."), Dkt. No. 34-1, ¶¶ 5-7; Declaration of Ricardo R. Morel, Esq., in Opposition to Request for Entry of Judgment, dated Aug. 28, 2020 ("Morel Decl."), Dkt. No. 35, ¶¶ 3-4.) Additionally, plaintiffs claim—and defendants concede—that defendants have defaulted on the payment schedule laid out in the Settlement Agreements. (See Hassan Decl. ¶¶ 9-15, 20-21; Morel Decl. ¶¶ 4-6.)

In accordance with the Settlement Agreements, plaintiffs seek entries of judgment against defendants, individual and jointly, in the amounts of $30,170.26 to Sanluis and $24,829.76 to Boscan. (Hassan Decl. ¶¶ 20-21.) Defendants do not dispute that they are in breach of the Settlement Agreements, rather, they cite to the COVID-19 pandemic and ask that this court apply the doctrine of impossibility to excuse their failure to fully perform. (See Morel Decl. ¶¶ 7, 9-13.)

"A settlement agreement is a contract that is interpreted according to general principles of contract law." Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 443 (2d Cir. 2005) (citations omitted). "[U]nder New York law,[1] impossibility (which is treated synonymously with impracticability) is a defense to a breach of contract action 'only when . . . performance [is rendered] objectively impossible . . . by an unanticipated event that could not have been foreseen or guarded against in the contract.'" Axginc Corp. v. Plaza Automall, Ltd., 759 F. App'x 26, 29 (2d Cir. 2018) (alteration in original) (quoting Kel Kim Corp. v. Cent. Mkts., Inc., 70 N.Y.2d 900, 902 (1987)).

---

[1] The Settlement Agreements provide that they are governed by New York Law. (Fully Executed Settlement Agreements, Dkt. Nos. 25-1, 25-2, ¶ 6.)

"[T]he excuse of impossibility of performance is limited to the destruction of the means of performance by an act of God, vis major, or by law." 407 E. 61st Garage, Inc. v. Savoy Fifth Ave. Corp., 23 N.Y.2d 275, 281 (1968).  Where impossibility of performance is caused only by financial difficulty or economic hardship, performance is not excused. Id. See also Ebert v. Holiday Inn, 628 F. App'x 21, 23 (2d Cir. 2015) ("Economic hardship, even to the extent of bankruptcy or insolvency, does not excuse performance.").

Because it is undisputed that defendants are in default under the Settlement Agreements and that defendants have failed to make payments when due under the Settlement Agreements after notice and multiple opportunities to cure, I find plaintiffs are entitled under the Settlement Agreements to judgments against defendants in the amounts of $30,170.26 to Sanluis and $24,829.76 to Boscan.  I further find that defendants have, at best, established financial difficulties arising out of the COVID-19 pandemic, which do not excuse defendants' performance under the Settlement Agreements. See Lantino v. Clay LLC, No. 18 CV 12247, 2020 WL 2239957, at *3 (S.D.N.Y. May 8, 2020) (finding financial difficulties arising out of the COVID-19 pandemic did not excuse performance); see also Ebert, 628 F. App'x at 23.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiffs' motion for judgment based on settlement default be granted.  I also recommend that this case be dismissed and that, consistent with the case law of this Circuit, this court not retain jurisdiction to enforce the Settlement Agreements.

Any objections to this report and recommendation must be filed electronically or with the Clerk of Court, with courtesy copies to Judge Vitaliano and to my chambers, within

fourteen (14) days.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       August 30, 2021